1
2
3
4
5

Stephanie R. Tatar, Esq. (SBN: 237792)
TATAR LAW FIRM, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Stephanie@thetatarlawfirm.com

6

Attorneys for PLAINTIFF

7
8
9

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| Shakuur Moore, on behalf of herself and all others similarly situated, | ) Case No. 2:21-cv-2619 |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Mandarich Law Group LLP and PYOD LLC, | ) |
| | ) |
| Defendants. | ) |

18
19

## I.
## INTRODUCTION

20    1.    This is an action for damages, declaratory and injunctive relief, brought by

21    Plaintiff Shakuur Moore ("Plaintiff Moore") against Defendant Mandarich Law Group

22
23    LLP ("Defendant Law Firm") and Defendant PYOD LLC ("Defendant PYOD")

24    (collectively "Defendants") to redress violations of Plaintiff's privacy rights under the Fair

25
26    Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq* and the protections of the Fair

27    Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28

2.      Defendants publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiff and many other similarly situated consumers as part of state court lawsuits commenced in various courts nationwide.  Plaintiff seeks relief under the federal Fair Credit Reporting Act ("FCRA") as Defendant Law Firm and PYOD did not "obtain" or "use" Plaintiff's credit scores/consumer reports for a "permissible purpose," nor do the credit scores in any way "evidence" the writing of the underlying credit transaction. Defendants' egregious practices run afoul of exactly what Congress intended to prevent with its enactment of the FCRA.  The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties.  Defendants violated these privacy provisions and must now be held accountable.

## II.

## JURISDICTION

3.      Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. §1692k ("FDCPA") and 15 U.S.C. § 1681(p) ("FCRA").

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the conduct at issue occurred in this District, (amongst others nationwide),

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" *See*, 15 U.S.C §§ 1681a(d)(1)(A) and 1681g(f)(2)(A).  Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties.  For purposes of this Complaint, Plaintiff will use the terms "credit report," "consumer report" and "credit score" interchangeably.  They all maintain the same level of protection.

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Law Firm has its principal place of business in this District, Defendant PYOD maintains a presence in this District and has availed themselves of the jurisdiction of this district by failing hundreds of lawsuits in state courts located in this District, members of the class reside in this District, and Defendants conducts business in this District and in the State of California.

### III.

### PARTIES

5.     Plaintiff Moore is an individual consumer currently residing in the City of Tamarac, State of Florida. Plaintiff Moore was and is a "person" as defined under 15 U.S.C. § 1681a(b) and is protected by and entitled to enforce the remedies of the FCRA and is a "consumer" as defined under 15 U.S.C. § 1692a(3).

6.     Defendant Law Firm is law firm licensed to do business in the State of California that has a principal place of business located at 9200 Oakdale Ave., #601, Chatsworth, CA 91311.  Law Firm conducts business in the Central District of California.

7.     Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another.  Defendant Law Firm is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) and the agent of Defendant PYOD LLC. Defendant Law Firm is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

COMPLAINT AND DEMAND FOR JURY TRIAL

8.      Defendant PYOD is a limited liability company whose principal purpose to purchase defaulted debts and seek to collect on them.   Defendant PYOD transacts business in the State of California.   Defendant PYOD regularly attempts to collect consumer debts alleged to be due another and/or who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.  Defendant PYOD is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  Defendant PYOD is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA. Defendant PYOD regularly and purposefully avails itself of the California judicial system by filing collection actions in Los Angeles County and other counties located in this District.

9.      In the past two years, Defendant PYOD has filed at hundreds of  cases in state courts located in the Central District of California, alone.  PYOD directs Defendant Law Firm to file suit in courts across the State of California against citizens of the State of California, utilizes California state laws to collect debts, obtain judgments, and collect judgments, availing itself of the protections of California's legal system.

10.    The violations for which this complaint seeks redress have occurred throughout the nation, including in the Central District of California.  By way of example, PYOD unlawfully disclosed a consumer defendant's credit score in the Superior Court of

COMPLAINT AND DEMAND FOR JURY TRIAL

California, County of Norwalk in case # 19NWLC16435 on or about May 4, 2020 when it filed its Declaration in Support of Application for Entry of Judgment.

## IV.

## BACKGROUND INFORMATION

11.     As a result of Defendants' conduct Plaintiff and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendants, and the harm is likely to be redressed by a favorable judicial decision.

12.     As shown in the paragraphs that follow, the Plaintiff and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendants.  *See Perrill v. Equifax*, 205 F Supp 3d 689 (W.D. TX 2016) ("an invasion of privacy within the context of the FCRA constitutes a concrete harm that meets the injury in fact requirements".

13.     The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

14.     The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

15.     The Court in *Spokeo* further noted that:

> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical*

5

*practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
*And,*

*"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
(Emphasis Added).

*See also Uzuegbunam et al v. Preczewski*, 141 S.Ct. 792 (March 8, 2021) where the Supreme Court recently found standing holding that "Because nominal damages were available at common law in analogous circumstances, we conclude that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right."  And further annunciated that "…..it is undisputed that *Uzuegbunam* experienced a completed violation of his constitutional rights when respondents enforced their speech policies against him. Because "every violation [of a right] imports damage," *Webb*, 29 F.Cas. at 509, nominal damages can redress *Uzuegbunam's* injury even if he cannot or chooses not to quantify that harm in economic terms."

16.    Invasion of privacy is an example set forth in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

17.   The lead Senate sponsor, William Proxmire[2] stated that:

> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*

(Emphasis Added).

18.   One of the primary protections of the FCRA is the requirement that "persons" or "users", such as Defendants, have and certify the permissible purpose when they not only obtain but then use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

19.   There is no permissible purpose for either Defendant to obtain, use, or disclose the credit score of Plaintiff and the putative class members by filing their credit scores in a publicly accessible website in connection with state court debt collection proceedings.

## V.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF MOORE

20.   As a consumer managing her financial affairs, Plaintiff Moore, and others similarly situated, sought credit for personal financial needs from creditors such as non-party Credit One Bank ("Credit One").

21.   Plaintiff Moore had an account with Credit One for a credit card which

---

[2] 115 Cong. Rec. 2413 (1969).

COMPLAINT AND DEMAND FOR JURY TRIAL

constitutes a debt.

22.     At some point Plaintiff Moore became unable to repay the balance on the Account.

23.     Defendant PYOD has sued Plaintiff Moore in state court proceedings and has alleged that she defaulted on her obligation with Credit One.

24.     Defendant PYOD has alleged in the state court proceedings that it purchased the Account and now owns and holds all rights relative thereto.

25.     At some time prior to November 2020, Defendant PYOD hired Defendant Law Firm to collect on the Account.

26.     Defendant Law Firm, through its attorney Michelle K. Hines, filed the state court complaint on behalf of Defendant PYOD in the County Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida on or about November 2, 2020, bearing the court file number –2020-020090-SP-23 ("state court action").

27.     The complaint sought to recover a money judgment in the amount of $2,170.43, Plaintiff Moore for the unpaid balance on the Account, plus costs and disbursements and interest.

28.     Defendant Law Firm attached a copy of Defendant PYOD's ownership documents to the state court action as Exhibit B to that complaint.

29.     Specifically, the documents (Exhibit B) that Defendant Law Firm attached to the state court action complaint contained Plaintiff Moore's credit score information.

30.    The document (Exhibit B) contained Plaintiff Moore's credit score on its account notes, which was not redacted and was published by PYOD and Defendant Law Firm in this state court action.

31.    Filing and publishing Plaintiff Moore's credit scores was neither required, necessary, essential nor otherwise supportable since the credit scores / report did not relate to or "evidence" the Account sought to be collected and provided no assistance in determining whether judgment should be entered against Plaintiff Moore in the state court action.

32.    Plaintiff Moore's credit score published by PYOD and Defendant Law Firm constitute part of her private personal credit history as shown in her credit score / "consumer report," as that term is defined by 15 U.S.C. § 1681a(d)(1).

33.    The credit score obtained and used by PYOD and Defendant Law Firm in the state court action were originally provided by a credit reporting agency and ultimately came into the possession and knowledge of Defendant PYOD and Defendant Law Firm solely for the purpose of including them on Plaintiff Moore's account records.

34.    Plaintiff Moore did not authorize Defendant PYOD nor its Defendant Law Firm's agents to obtain and/or use her credit score for any other purpose, nor did either defendant certify to a credit reporting agency the purpose for which they obtained and used the credit score pursuant to 15 U.S.C. §§ 1681b(f) and 1681e.

35.    Defendant Law Firm's and PYOD's unlawful procurement and use by

publication of Plaintiff Moore's credit score violated the requirements of 15 U.S.C. §1681b(f) as neither Defendant Law Firm nor Defendant PYOD had a permissible purpose for obtaining or using Plaintiff Moore's protected personal and private information.

36.   PYOD and Defendant Law Firm were attempting to collect a debt from Plaintiff Moore by filing the state court action.

37.   PYOD and Defendant Law Firm's filing of Plaintiff Moore's personal consumer report/credit score violated 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

38.   PYOD, though Defendant Law Firm, as well as other law firms has filed pleadings in court actions, attaching unredacted copies of the respective state court consumer / account records and so publishing the consumer's consumer credit scores.

39.   Defendant PYOD at all times material, had a duty to adequately supervise the professional collection and legal activities of its agent attorneys, but Defendant PYOD has failed to satisfy its legal duty in cases throughout the country.

40.   Defendant PYOD's violations described herein were not only committed through Defendant law firm, but have been committed by other law firms around the country as well as Defendant PYOD's agents and on Defendant PYOD's behalf.

41.   Defendant Law Firm and the other law firms who committed the violations set forth herein did so on behalf of, and as agents, of Defendant PYOD.

42.   Defendant PYOD, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise their agent debt collection

COMPLAINT AND DEMAND FOR JURY TRIAL

attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as proscribed in the federal law.

43.    The fact that the same offending documents have been filed by various law firms throughout the country on behalf of PYOD indicates that it is PYOD itself that is responsible for providing the redacted documents to its attorneys.

44.    Defendant Law Firm had, at all times material, a duty to adequately supervise the professional legal activities of itself, associates or junior attorneys.

45.    Defendant Law Firm, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise associates or junior attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as proscribed in the federal law.

46.    As a direct and proximate result of Defendants' reckless supervision, Plaintiff Moore and putative class members have suffered harm as described herein.

47.    Defendants knew, or should have known, that publishing a consumer credit score as an attachment to a pleading filed in Florida and around the country was unlawful.

48.    As of the filing of this Complaint, Defendants have not taken any steps to rectify the violations they have caused Plaintiff as set forth herein and such violations continue from day to day.

COMPLAINT AND DEMAND FOR JURY TRIAL

# VI.

## CLASS ALLEGATIONS

49.     Defendants unlawfully obtained and/or "used" the consumer reports / credit scores received from creditors of Plaintiff and others when they published said reports in their filing of collection complaints and other pleadings in state courts throughout the country.

50.     Upon information and belief, Defendants have on more than one hundred (100) occasions within the past two (2) years filed state court collection actions against similar consumer debtors wherein it unlawfully "used" the consumer reports/credit scores, in violation of 15 U.S.C. §§ 1681b(f).

51.     Upon information and belief, Defendants have on more than fifty (50) occasions within the past one (1) year filed state court collection actions against similar consumer debtors in violation of 15 U.S.C. §1692e, §1692e(5), §1692e(10), §1692d and §1692f.

52.     Plaintiff brings this action individually and as a class action.

53.     Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seek to certify four (4) classes.

54.     The first-class Plaintiff seeks to certify is defined hereinafter the "PYOD FCRA Class":

> *All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by PYOD regardless of the identity of the law firm that filed the state court debt*

COMPLAINT AND DEMAND FOR JURY TRIAL

*collection on its behalf within two years of the date of the filing of this Complaint.*

55. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

*All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

56. The second-class Plaintiff seeks to certify is defined hereinafter the "Mandarich PYOD FCRA Class":

*All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by Mandarich Law Group, LLP on behalf of PYOD within two years of the date of the filing of this Complaint.*

57. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

*All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

58. The third-class that Plaintiff seeks to certify is defined hereinafter the "PYOD FDCPA Class":

*All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by PYOD regardless of the identity of the law firm that filed the state court debt collection on its behalf within one year of the date of the filing of this Complaint.*

COMPLAINT AND DEMAND FOR JURY TRIAL

59.    The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

60.    The fourth-class that Plaintiff seeks to certify is defined hereinafter the "Mandarich FDCPA Class":

> *All consumers nationwide who have had their consumer reports / credit scores published in various judicial court actions by Mandarich Law Group on behalf of PYOD, within one year of the date of the filing of this Complaint.*

61.    The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

### *Rule 23(a) Requirements*

### *Numerosity*

62.    Various nonparty credit providers grant credit cards / loans to consumers nationwide.

63.    Some of those consumers may have, at one time or another, defaulted on their credit card / loan obligations.

COMPLAINT AND DEMAND FOR JURY TRIAL

64.    Defendant PYOD and Defendant Law Firm have filed pleadings containing credit scores in collection actions against such many consumers such that joinder of all in this lawsuit would be impracticable.

65.    Defendants' conduct of filing debt collection lawsuits in state court constitutes debt collection activities and they have filed such collection actions against consumers nationwide.

66.    Therefore, the estimated number of class members for each of the four classes is in excess of fifty (50) persons.

### Commonality

67.     All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendants.

68.    Common evidence, in particular (1) a list of nationwide consumer debtors who had had consumer/credit reports / scores filed in court actions by Defendants; and (2) a list of consumer debtors nationwide who have had collection suits filed against them specifically by Defendants, will drive resolution of the claims of the Classes.

69.    Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

### Typicality

COMPLAINT AND DEMAND FOR JURY TRIAL

70.     Plaintiff has the same claims to statutory relief as do all other members of the Classes.

71.     Any defenses that Defendants may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the four Classes.

72.     Further, all class members would be entitled to seek nominal damages for the violations described herein in addition to the statutory damages provided for in both the FCRA and FDCPA.

### *Adequacy*

73.     Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

74.     Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery statutory remedies for all consumers affected.

75.     Plaintiff will continue to vigorously pursue relief for the Classes.

76.     Plaintiff's counsel, specifically the Consumer Justice Center P.A., has been certified as class counsel in numerous of class actions enforcing consumer rights laws in various districts of the United States Federal Courts and attorneys from Loan Lawyers, LLC have also been appointed as class counsel in various class actions enforcing consumer rights.

77.     Plaintiff counsel, specifically the Loan Lawyers and its principal Matthew D. Bavaro represents Plaintiff in the underlying state court action and has substantial experience in litigating matters such as the underlying debt, and against PYOD specifically.

78.     Plaintiff's counsels are committed to expending the skill, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

### Rule 23(b)(3)

### Predominance/Superiority

### Predominance

79.     Statutory relief under the FCRA and FDCPA follows from evidence that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

80.     Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### Superiority

81.     Plaintiff and her counsel are not aware of any other pending actions against Defendants related to the FCRA and FDCPA classes (concerning the filing of consumer reports and credit scores).

82.     Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

83.     Upon information and belief, few members of the Classes are aware that Defendants' actions were unlawful.

84.     The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## VII.
## CAUSES OF ACTION
## COUNT I.
## VIOLATION OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681 et seq.

85.     Plaintiff incorporates by reference paragraphs 1 through 84 as though fully stated herein.

86.     Defendants willfully  violated provisions of the Fair Credit Reporting Act.

87.     Defendants are aware of their responsibilities to maintain credit scores as confidential and private information in that it has, in many other instances, redacted the credit score of other consumers in other debt collection proceedings.

88.     However, regarding Plaintiff and the putative class members, Defendants have chosen not to redact this private information or has done some with reckless

18

indifference to the rights of Plaintiff and the putative class members.

89.    Defendants' violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f).

90.    Defendants' violations caused Plaintiff emotional distress and anxiety concerning her private credit score being published in the public records for others to review and see and have the natural effect of invading her privacy and that of the putative class members.

91.    As a result of the above and continuing violations of the FCRA, Defendants are liable to the Plaintiff for nominal damages, actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive and declaratory relief.

## COUNT II.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

92.    Plaintiff incorporates by reference paragraphs 1 through 84 as though fully stated herein.

93.    The foregoing acts and omissions of Defendants constitute violations of the FDCPA as outlined above.

94.    Defendants engaged in unlawful debt collection activity when filing the state court action / collection action against Plaintiff and the simultaneous filing of the

Plaintiff's unredacted credit score, in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

95.     Defendants' violations have caused Plaintiff actual damages in the form of emotional distress and have the natural effect of invading her privacy, and that of the putative class members.

96.     The FCPA is a strict liability statute that does not require proof of actual knowledge of the violation.  However, as set forth in the preceding count, Defendants had actual knowledge that they had a responsibility to redact credit scores, but either chose not to redact this private information or has done some with reckless indifference to the rights of Plaintiff and the putative class members.

97.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to nominal damages, actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## VIII.

## TRIAL BY JURY

98.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

COMPLAINT AND DEMAND FOR JURY TRIAL

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that a Judgment be entered against Defendants awarding the following relief:

(a) certifying the action as a class;

(b) ordering that Plaintiff be named as class representative;

(c) ordering that Thomas J. Lyons Jr., and Matthew D. Bavaro be named as class counsel;

(d) awarding Plaintiff and the FCRA Classes appropriate nominal, statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;

(e) awarding Plaintiff and the FCRA Classes costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;

(f) an order enjoining the Defendants from further violations of the Fair Credit Reporting Act relative to the inclusion of consumer reports / scores in all such pleadings filed in various circuit courts;

(g) an Order instructing Defendants to move to seal all class members' state court collection files;

(h) awarding Plaintiffs' nominal, actual and statutory damages against the Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(i) awarding the FDCPA Class members statutory damages against Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(j) awarding Plaintiff and the FDCPA Class members reasonable attorney's fees and costs against Defendants;

(k) any other appropriate declaratory and/or injunctive relief; and

(l) such other and further relief as the court deems just and equitable.

COMPLAINT AND DEMAND FOR JURY TRIAL

Dated: March 24, 2021                    Respectfully submitted,


By: /s/ Stephanie R. Tatar

Stephanie R. Tatar, Esq. (SBN: 237792)
TATAR LAW FIRM, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
(*pro hac vice application forthcoming*)

Matthew D. Bavaro, Esq.
Fl. Bar # 175821
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
matthew@fight13.com
(*pro hac vice application forthcoming*)

*ATTORNEYS FOR PLAINTIFF*

COMPLAINT AND DEMAND FOR JURY TRIAL